### SWAIN v. BOYLSTON INS. CO.[1]

*(Circuit Court, E. D. New York.* February 12, 1889.)

PLEADING—AMENDMENT OF ANSWER—NEW DEFENSE—MATERIALITY.
    In an action on a policy of marine insurance, on application to amend the answer by the insertion of a clause in the application for insurance warranting the vessel to be commanded by a certified captain, *held,* that if the clause operated as an inducement to the defendant to accept the risk, defendant was at liberty to avail himself of such defense under an amendment made since the trial. If the statement was one not material to the risk, defendant should not now be allowed to set it up as a bar in a case where his amendment as to representation gave him opportunity to prove in defense whatever fact he selected for a defense when he made his contract. Hence the motion was denied.

[1]Reported by Edward G. Benedict, Esq., of the New York bar.

**At Law.**

On motion for reargument of a motion to amend the answer by setting up as a defense a clause in the application for insurance that the vessel on which the policy sued on was issued was to be commanded by a certified captain.

*Wing, Shoudy & Putnam,* for plaintiff.

*Lester W. Clark,* for defendant.

LACOMBE, J. 1. Upon the trial it was held that the clause in the application for insurance on the Altavelia could not be considered a warranty because it was not carried into the policy. The defendant's contention then was (and still is) that, the policy being an open one, not in fact completed as to the Altavelia until the application for that particular vessel was put in, the application is to be considered a part of the policy or contract of obligation between the parties. If the contention of the defendant is sound, it will avail him under his original answer, which contains a denial that the plaintiff has duly fulfilled all the conditions of the policy.

2. If the clause warranting the Altavelia to be commanded by a certified captain, which is contained in the application for insurance on that vessel, operated as an inducement to accept the risk, the fact warranted being deemed by the insurer material to the risk, the defendant should in all fairness be allowed to avail of such a defense. But he is at liberty to do so now, under the amendment made since the trial.

3. If the statement as to the certificate of the captain was one not material to the risk, and of no effect as an inducement to the insurer to accept the plaintiff's offer,—in other words, if it is an after-thought,—then the defendant should not now be allowed to set it up as a flat bar in a case where his amendment as to representation gives him every opportunity to prove in defense whatever fact he selected for a defense when he made his contract.